-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA A. COWAN,

        Plaintiff,

        -v-

HENRY PAULSON, JR., U.S. Dept. Of Treasury,

        Defendant.

**DECISION and ORDER**
08-CV-0010S

---

On May 13, 2008, the Court (Hon. Charles J. Siragusa)[1] entered an Order granting plaintiff permission to proceed in forma pauperis, and dismissing the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous because it was plaintiff's third attempt to re-litigate a previous employment discrimination action that had been dismissed by the Court.[2]

---

[1] Pursuant to the Court's Amended Plan for the Disposition of Pro Se Cases a duty judge system is utilized for the issuance of initial court orders, including review of applications to proceed in forma pauperis and review of complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Judge Siragusa was the Duty Judge at the time of entry of the Order.

[2] Cowan v. O'Neil, 00-CV-0315S(Sr). In that action, plaintiff, who had been represented by counsel, complained of employment discrimination by her former employer, Internal Revenue Service. The action was dismissed by this Court on July 24, 2001, upon the grant of defendant's motion to dismiss for plaintiff's failure to prosecute and, alternatively, upon the grant of summary judgment to defendant. Plaintiff's appeal to the United States Court of Appeals for the Second Circuit was dismissed on October 3, 2003, on the basis that the appeal lacked an arguable basis in fact or law, and the Mandate was issued on January 6, 2004. (00-CV-0315S(Sr), Docket No. 62).

In 2007, plaintiff filed two separate actions seeking to relitigate or obtain reconsideration of her prior Title VII action. The first action was brought against President George W. Bush under the "No Fear Act" of 2002, Notification and Federal Employment Anti-Discrimination and Retaliation Act of 2002, Pub.L. 107-174, 116 Stat. 566 [5 USCA § 2301 Note], in which the plaintiff complained about the prior dismissal of her Title VII action. *Cowan v. Bush*, 07-CV-0136S(Sr). That action was dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), on the grounds that the President was entitled to absolute immunity and the complaint was frivolous inasmuch as it was nothing more than an attempt to complain about the dismissal of her Title VII action and to have that action reinstated. *Id.*, Order, entered March 30, 2007.

The second action was filed against Robert Mueller, Director of the Federal Bureau of Investigation, and Alberto Gonzalez, the former Attorney General of the United States, and although it alleged that the two defendants were required to enforce the country's civil rights laws and should have done something to rectify

(Docket No. 4, Order). The Order also, pursuant to Fed.R.Civ.P. 11 and the Court's inherent authority, *see In re McDonald*, 489 U.S. 180, 184 n. 8, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989) (citation omitted), enjoined plaintiff from filing any further actions in this Court which, in any way, arose from her employment with the U.S. Department of Treasury, Internal Revenue Service or her previous action in this Court, *Cowan v. O'Neil*, 00-CV-0315S(Sr). (Docket No. 4, Order, at 2-5).

Plaintiff appealed that Order and on September 11, 2008, the United States Court of Appeals for the Second Circuit issued a Mandate and vacated only that part of the Order that had enjoined plaintiff from filing any further actions in this Court arising out her employment with the U.S. Department of Treasury, Internal Revenue Service, or her previous action in this Court on the basis that the Court had failed to provide plaintiff with notice and opportunity to be heard on the issue of whether and to what extent she should be enjoined from filing any further actions in this Court arising out her employment with the U.S. Department of Treasury, Internal Revenue Service, or her previous action in this Court. (Docket No. 7, Mandate). The Court of Appeals thus remanded this action with instructions to provide plaintiff with such notice and opportunity.

Pursuant to the Mandate, the Court entered an Order instructing plaintiff to show cause, in the form of an affidavit, why she should not be enjoined from filing any further actions in this Court arising out her employment with the U.S. Department of Treasury, Internal Revenue Service, or her previous action in this Court that alleged employment

---

the injustice caused by the dismissal of her Title VII action, the Court found that it was nothing more than a further attempt by the plaintiff to relitigate her Title VII action and to express her displeasure with the dismissal of that action. As such, the Court found that the action was frivolous and had to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Cowan v. Mueller*, et al., 07-CV-0213S, Order, entered August 27, 2007.

discrimination in relation to her employment with the U.S. Department of Treasury, Internal Revenue Service.  (Docket No. 8).

Plaintiff responded to the Order by filing yet another motion to recuse the undersigned, the District Judge who had been assigned to Plaintiff's initial action, 00-CV-0315S(Sr) and all other actions filed by Plaintiff, relief that she has requested repeatedly in her multiple actions filed in this Court.  (Docket No. 9).  Plaintiff also filed an "Affidavit to Show Cause," which rather than addressing specifically why she should not be enjoined from filing further actions in this Court, again complains about the way in which her original action was handled and attempts to re-litigate that action.  (Docket No. 10).

Although the Court can understand a litigant's disappointment in having a case dismissed, such disappointment does not justify this litigant's repeated, misguided attempts to re-litigate, reconsider and re-open an action that has been dismissed by the Court.  The Court notes that Plaintiff's appeal from the dismissal of her action was dismissed by the Court of Appeals on the ground that it lacked an arguable basis in fact or law.  (*Cowan*, 00-CV-0315S(Sr), Docket No. 62, Mandate,).  Plaintiff's continued actions and response to the Court's Order upon remand in this action supports again the imposition of a filing injunction against her.  Plaintiff has not shown any indication that she will stop filing frivolous actions and motions in an attempt to re-litigate an action that was dismissed by the Court well over seven years ago, and the appeal of which was dismissed by the Court of Appeals now over five years ago.  In fact, at the time Plaintiff filed her response herein, she filed yet another motion in the original action to re-open it.

Accordingly, Plaintiff's motion to recuse and for other relief (Docket No. 9) is denied, and for the reasons set forth previously in the Court's Order in the instant action, entered

May 13, 2008, (Docket No. 4), plaintiff shall **not** file any further actions in this Court which, in any way, arise from her employment with the U.S. Department of Treasury, Internal Revenue Service, or her previous action in this Court, *Cowan v. O'Neil*, 00-CV-0315S(Sr), alleging employment discrimination in relation to her employment with the U.S. Department of Treasury, Internal Revenue Service, and that leave to appeal to the Court of Appeals from this Order as a poor person is denied.

     SO ORDERED.

Dated:     February 14, 2009
              Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge